```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JASON CORDOVA-DIAZ,                         :

                        Petitioner,         :

           -against-                        :       MEMORANDUM and ORDER

WILLIAM D. BROWN,                           :       10 Civ. 5133 (CM)(KNF)

                        Respondent.         :
------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

On May 28, 2010, <u>pro se</u> petitioner Jason Cordova-Diaz ("Cordova-Diaz") made an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asserting: (1) "newly discovered evidence shows that Petitioner is innocent of the crimes and that the juror and judge lied," (2) he "was denied due process when the prosecutor improperly crossexamined the al[i]bi witness and the juror's perfidy," (3) "improper evidence of petitioner's past relationship with the victim as a drug dealer was admitted into trial," (4) "the identification evidence was unreliable," and (5) "[t]he court failed to dismiss a juror whose fitness to serve was compromised during trial by an arrest in the courthouse, and the court told the juror to lie to the other jurors about it and the court itself lied to the other jurors about the incident." On February 7, 2011, the Court denied Cordova-Diaz's request to withdraw, from the petition, his innocence claim, based on newly discovered evidence, and to add the following claims to his petition: (1) ineffective assistance of counsel, based on inadequate pretrial preparation and failure to use the available evidence; (2) failure, by the prosecution, to disclose an alleged implied cooperation agreement with Gilbert Ortega; (3) falsity of the material evidence and prosecutorial misconduct in

1

connection with it; and (4) actual innocence.[1]  Cordova-Diaz's request to stay and hold the petition in abeyance was also denied.  On September 14, 2011, the Court granted Cordova-Diaz's motion to amend the petition to add the ineffective assistance of counsel claim, raised in the state court.  Before the Court is Cordova-Diaz's unopposed "Motion to Include Proof of Facts and Exhibits."

Cordova-Diaz seeks "to substantiate all of the previous Claims and Declarations filed" by including in his petition the following proposed exhibits: (1) Exhibit A, "The violation of Antommarchi [sic] rights, regarding [the juror who was arrested] and his Arrest document"; (2) Exhibit B, "Transcripts of Ortega cross and direct exce[r]pts, DD5 transcript"; and (3) Exhibit C, "Documents relating to business that petitioner was involved in and not even in this country at the time of the crime."  Exhibit A consists of an excerpt from Cordova-Diaz's trial transcript and a copy of the arrested juror's summons for unlawful possession of marijuana.  Exhibit B consists of an excerpt from Cordova-Diaz's trial transcript and an unsigned, undated two-page document, which appears to be a draft of an argument[2] contending that a "DD5

---

[1] The record does not make clear whether the innocence claim, based on newly discovered evidence, and the "actual innocence" claim are based on the same grounds.

[2] The two-page undated document is an excerpt from a document submitted by Cordova-Diaz in support of his motion to withdraw the innocence claim and to add new claims to his petition, Docket Entry No. 14.  In that motion, Cordova-Diaz stated that the document from which the two-pages are excerpted is a draft of his state-court motion to vacate the judgment, prepared by his attorney, Robert M. Sanchez.  In that unsigned and incomplete draft, it is contended that, prior to being taken to a hospital to have his injuries treated, Gilbert Ortega stated to Detective "Scotto," of the 52nd Precinct, that he did not hear or see anything and that an unidentified woman in his apartment stated that, when she looked out the window, she saw two black males existing the building, one of whom had something in his pocket.  According to the draft document, Cordova-Diaz is not black.  According to the draft, Scotto wrote these statements down in his "DD5" report, which defense counsel allegedly neither shared with Cordova-Diaz nor used to aid his client.

constitutes exculpatory material, as it tends to call into question the complainant Gilbert Ortega's identification of defendant Jason Cordova-Diaz" and that the "defendant should be permitted an opportunity to inquire of Mr. Horn about whether he was aware of the DD5['s] existence prior to trial, whether he made any attempt to locate the witness, and why he failed to employ this exculpatory material at trial."  Exhibit C consists of: (a) copies of Continental Airlines passenger receipts dated May 21, 2002, for five individuals other than Cordova-Diaz; (b) various pages, in the Spanish language, which appear to relate to the musicians "Yaga y Mackie" and "Yaga & Mackie"; (c) a copy of an announcement for the "Reggaeton Explosion Yaga y Mackie," scheduled for "Saturday August 16th 2003"; (d) a copy of what appears to be a "Rhumba Monday promotion.  Kick off party Monday August 11, 2003"; (e) a copy of what appears to be "a recap of the Velvet Friday at NV promotion.  Kick off party Friday January 7, 2005"; (f) an unsigned document, in the Spanish language, entitled "Acuerdo Exclusivo de Grabacion"; (g) a June 29, 2009 letter to Cordova-Diaz from the "Hispanic Heritage Committee, Eastern NY Correctional Facility," acknowledging Cordova-Diaz's "assistance in making the 2008 Hispanic Heritage Month Commemoration a success"; and (h) an announcement for the "Reggaeton Explosivo! On Sunday, October 5, 2008."

In the memorandum of law Cordova-Diaz submitted in support of the motion, he argues that his Sixth and Fourteenth Amendment rights to be present during material stages of the proceedings were violated, when his attorney informed the court that Cordova-Diaz would like to be present at the conference concerning the juror who was arrested in the courthouse for possessing marijuana.  The record reflects that the conference proceeded in his absence.  Moreover, Cordova-Diaz contends that his constitutional rights were violated when the court held "another side bar and denied the petitioner his right under Crawford v. Washington, by

denying his right to call an Alibi witness that possessed exculpatory testimony."

Cordova-Diaz failed to explain why he did not submit the proposed exhibits and make the instant arguments at any time prior to filing the pending motion, and he does not claim that the supplemental exhibits were unavailable to him prior to making the instant motion. Therefore, no ground exists that would warrant expanding the record at this juncture in the proceeding. Moreover, the record in this action already contains Cordova-Diaz's trial transcript, which includes the above-referenced part of Exhibit A and Exhibit B. Exhibit A's copy of the summons, issued to the juror who was arrested for possessing marijuana, is unnecessary because the trial transcript shows that the subject juror was arrested for possessing marijuana unlawfully. Exhibit C concerns events Cordova-Diaz alleges he participated in arranging. However, he did not explain how Exhibit C is relevant to his claims, and none of the documents in Exhibit C demonstrates he was outside the United States at the time of the crime, as he suggests in his motion. Additionally, it appears that, except for the excerpts from the trial transcript, Cordova-Diaz's exhibits do not form part of the record before the state court and, as such, cannot be considered on his federal habeas petition. See Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1398 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). Accordingly, Cordova-Diaz's exhibits, that are not trial transcript excerpts, will not be considered by the Court. For the foregoing reasons, Cordova-Diaz's motion, Docket Entry No. 61, is denied.

Dated: New York, New York
October 28, 2011

Copies mailed to:

Robert Osuna, Esq.
Allen H. Saperstein, Esq.

SO ORDERED:

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE